**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ODESSA WALLACE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 26-00197-KD-MU** |
| | ) | |
| **HOUCHENS FOOD GROUP, INC.,** | ) | |
| **Defendant.** | ) | |

**ORDER**

This action is before the Court on Defendant Houchens Food Group, Inc.'s ("Defendant") Motion for Partial Dismissal of Count Three of the Complaint. (Doc. 3). Plaintiff Odessa Wallace ("Plaintiff") filed a timely response stipulating to the dismissal of Count Three. (Doc. 8). Upon consideration, and for the reasons below, the Motion to Dismiss Count Three is **GRANTED**.

Defendant argues that the premises liability claim (Count Three) should be dismissed with prejudice because it is duplicative of Plaintiff's negligence claim. In support, Defendant cites an Alabama Supreme Court case and a Middle District of Alabama case. (Doc. 3 at 3). Both cases explain that when "the affirmative conduct of the landowner causes the injury, traditional negligence principles apply." Shelley v. White, 782 F. Supp. 2d 1295, 1296 (M.D. Ala. 2010) (citing Lilya v. Greater Gulf State Fair, Inc., 855 So. 2d 1049, 1053 (Ala. 2003)). Defendant argues that because the allegations in the Complaint "describe affirmative acts, not a premises condition," the "alleged wrongdoing equates to active negligence." (Doc. 3 at 4). Therefore, Defendant contends that Plaintiff's premises liability count should be dismissed.

Plaintiff's response "stipulates to the pro tanto dismissal of Count Three of her complaint," titled "Premises Liability." (Doc. 8 at 1). A plaintiff cannot stipulate to the dismissal of an individual claim under Federal Rule of Civil Procedure 41(a). See Rosell v. VMSB, LLC, 67 F.4th

1

1141, 1144 (11th Cir. 2023 (explaining that a voluntary dismissal under Rule 41(a) "can only be for an entire action, not an individual claim"). And a court cannot grant a motion to dismiss simply because a plaintiff failed to respond in opposition. See Giummo v. Olsen, 701 F. App'x 922, 924 (11th Cir. 2017) (explaining that the district court "abused its discretion by . . . grant[ing] the defendants' motion to dismiss based on the plaintiffs' *failure to timely file an opposition brief*") (emphasis added). However, Plaintiff filed a timely response. And Plaintiff's response effectively concedes that the Motion to Dismiss Count Three should be granted.

The Court has considered the arguments in Defendant's Motion for Partial Dismissal. Defendant has met its burden of showing that a claim for premises is not legally cognizable because it is duplicative of the negligence claim under Alabama law. Plaintiff has timely responded with a concession that the premises liability claim should be dismissed. Accordingly, the Motion to Dismiss Count Three is **GRANTED**.

It is **ORDERED** as follows:

- Count Three alleging Premises Liability is **DISMISSED with prejudice**.

- In accordance with Rule 12(a)(4), Defendant shall answer the Complaint **on or before July 9, 2026**.

**DONE** and **ORDERED** this the **25th** day of **June 2026**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

2